**UNITED STATES DISTRICT COURT FOR
NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Adam Sorkin, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-14916 |
| Plaintiff, | Hon. Charles P. Kocoras |
| v. | |
| The Kroger Co., | |
| Defendant. | |

**DEFENDANT THE KROGER CO.'S MEMORANDUM
IN SUPPORT OF MOTION FOR SANCTIONS**

## <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ............................................................................................ 1

II. BACKGROUND ............................................................................................ 3

    A.    This Action Was One of Mr. Sheehan's Many Baseless Actions. ......................... 3

    B.    Mr. Sheehan Files Frivolous "Farm Fresh" Egg Cases Against Kroger................. 5

    C.    The Court Dismisses the "Based On a Legally Unreasonable Interpretation." ...... 7

III. THE COURT SHOULD GRANT THIS MOTION AND ISSUE SANCTIONS .............. 8

    A.    The Court's Inherent Power and 28 U.S.C. § 1927 Both Authorize Sanctions...... 8

    B.    Either Ground Independently Warrants Sanctions. .............................................. 10

        1.    Mr. Sheehan Knowingly Filed Claims Based on Frivolous Theories. ..... 10

            a.    Bad-Faith Background:  Mr. Sheehan's History of Knowingly Filing Frivolous Claims Demonstrates His Recklessness Here. ....................................................................... 10

            b.    This Case:  Mr. Sheehan's "Farm Fresh" Theory Is Frivolous. ...................................................................................... 12

        2.    Mr. Sheehan Knew His Fraud Claim Was Legally and Factually Frivolous on Additional Grounds. .......................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akers v. Costco Wholesale Corp.*,
631 F. Supp. 3d 625 (S.D. Ill. 2022) .............................................................12, 13, 14

*Bell v. Publix Super Mkts., Inc.*,
982 F.3d 468 (7th Cir. 2020) ...................................................................................13

*Brownell v. Starbucks Coffee Co.*,
681 F. Supp. 3d 27 (N.D.N.Y. 2023) .....................................................................4, 11

*Brownell v. Starbucks Coffee Co.*,
2023 WL 9053058 (N.D.N.Y. Nov. 30, 2023) ............................................... *passim*

*Bruno v. Am. Textile Co.*,
2023 WL 6976826 (N.D. Ill. Oct. 23, 2023) ......................................................3, 4, 15

*Castle v. The Kroger Co.*,
No. 21-cv-1171 (E.D. Wis.) .....................................................................................6

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ...............................................................................................8, 9

*Chiappetta v. Kellogg Sales Co.*,
2022 WL 602505 (N.D. Ill. 2022) ...........................................................................14

*Cohee v. Hoos*,
2023 WL 7440174 (C.D. Ill. Nov. 9, 2023) ..............................................................12

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) .................................................................................................8

*Costan v. Ralphs Grocery Co.*,
No. 37-2024-00030766 (Cal. Super. Ct.) ...................................................................6

*Cox v. Star Brands N. Am., Inc.*,
2022 WL 16786019 (S.D. Ill. Nov. 8, 2022) ...........................................................15

*Craw v. Clorox Co.*,
692 F. Supp. 3d 854 (C.D. Ill. 2023) ......................................................................12

*Cristia v. Trader Joe's Co.*,
2022 WL 17551552 (N.D. Ill. Dec. 9, 2022) ...........................................................14

*Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*,
2024 WL 4265646 (S.D.N.Y. Sept. 23, 2024)............................................................5

*Durant v. Big Lots, Inc.*,
2024 U.S. Dist. LEXIS 173423 (M.D. Fla. Sept. 25, 2024) ................................2, 5

*Durant v. Big Lots, Inc.*,
2024 WL 3321879 (M.D. Fla. July 3, 2024) ................................................. *passim*

*Egan v. Pineda*,
808 F.3d 1180 (7th Cir. 2015) ................................................................................9

*Gardner v. Ferrara Candy Co.*,
2023 WL 4535906 (N.D. Ill. Mar. 22, 2023).........................................................12

*Guzman v. Walmart Inc.*,
2023 WL 4535903 (N.D. Ill. May 15, 2023) .........................................1, 3, 4, 10

*Hunt v. The Kroger Co.*,
2024 WL 4534983 (N.D. Ill. Oct. 21, 2024)...........................................................6

*Huston v. Conagra Brands, Inc.*,
2022 WL 4647251 (C.D. Ill. Sept. 30, 2022) ........................................................15

*Hydorovych v. Dollar Gen. Corp.*,
2023 WL 3602782 (N.D. Ill. May 23, 2023) ........................................................12

*Janky v. Batistatos*,
259 F.R.D. 373 (N.D. Ind. 2009) ......................................................................9, 12

*Jolly Grp., Ltd. v. Medline Indus., Inc.*,
435 F.3d 717 (7th Cir. 2006) ......................................................................8, 9, 15

*Kapco Mfg. Co. v. C & O Enters.*,
886 F.2d 1485 (7th Cir. 1989) ................................................................................8

*Kinman v. Kroger Co.*,
604 F. Supp. 3d 720 (N.D. Ill. 2022) ...................................................................15

*Lederman v. Hershey Co.*,
2022 WL 3573034 (N.D. Ill. Aug. 19, 2022) .......................................................14

*Lesorgen v. Mondelez Glob., LLC*,
674 F. Supp. 3d 459 (N.D. Ill. 2023) ..............................................................1, 4

*Long v. The Kroger Co.*,
No. 1:23-cv-01179 (C.D. Ill.) .......................................................................1, 6, 11

*Matthews v. Polar Corp.*,
    2023 WL 4534543 (N.D. Ill. Mar. 22, 2023) ................................................................7, 11, 13

*Maxell v. KPMG LLP*,
    520 F.3d 713 (7th Cir. 2008) ...............................................................................................9

*Methode Elecs., Inc. v. Adam Techs., Inc.*,
    371 F.3d 923 (7th Cir. 2004) ...............................................................................................8

*New v. JP Morgan Chase Bank, NA*,
    2024 WL 1663371 (N.D. Ind. Apr 16, 2024) ....................................................................9, 14

*Outley v. Feinerman*,
    2023 WL 4157185 (N.D. Ill. June 22, 2023) .............................................................9, 10, 12

*Riddle v. Assocs., P.C. v. Kelly*,
    414 F.3d 832 (7th Cir. 2005) ...........................................................................................9, 14

*Rudy v. D.F. Stauffer Biscuit Co.*,
    666 F. Supp. 3d 706 (N.D. Ill. 2023) ..................................................................................14

*Rudy v. Fam. Dollar Stores, Inc.*,
    583 F. Supp. 3d 1149 (N.D. Ill. 2022) .................................................................................14

*Sanders v. Hillshire Brands Co.*,
    2022 WL 2643974 (S.D. Ill. July 8, 2022) ..........................................................................15

*Swiatek v. CVS Pharmacy, Inc.*,
    2024 WL 1328801 (N.D. Ill. Mar. 28, 2024) ...................................................................4, 12

*Tate v. Ancell*,
    551 F. App'x 877 (7th Cir. 2014) .........................................................................................14

*Troutt v. Mondelez Glob. LLC*,
    637 F. Supp. 3d 606 (S.D. Ill. 2022) ..............................................................................12, 15

*Twyman v. S&M Auto Brokers*,
    2018 WL 1519159 (N.D. Ill. Mar. 28, 2018) ........................................................................9

*Van Orden v. Hikari Sales U.S.A., Inc.*,
    2023 WL 5336813 (N.D.N.Y. Aug. 18, 2023) .................................................................4, 11

*Vazquez v. Cent. States Joint Bd.*,
    2009 WL 562306 (N.D. Ill. Mar. 3, 2009) .............................................................................8

*Wienhoff v. Conagra Brands, Inc.*,
    626 F. Supp. 3d 1015 (S.D. Ill. 2022) ............................................................................12, 15

*Xped LLC v. Entities Listed on Ex. 1*,
    690 F. Supp. 3d 831 (N.D. Ill. 2023) ........................................................................8

*Zahora v. Orgain LLC*,
    2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) ....................................................7, 11

**Federal Statutes**

28 U.S.C. § 1927 ................................................................................................. *passim*

**Rules**

Federal Rule of Civil Procedure,

    Rule 11 .............................................................................................................. *passim*

## I.     INTRODUCTION

Defendant The Kroger Co. moves for sanctions for successfully defending against the latest of plaintiff's counsel Spencer Sheehan's frivolous complaints—this time, the Court dismissed a suit in which he ridiculously claimed consumers read "Farm Fresh Eggs" to mean the eggs came from cage-free hens "living on farms, with open green space," "pecking and playing in the fields."  His first iteration of the suit (*Long v. The Kroger Co.*) challenged a Kroger product that did not even contain the "Farm Fresh Eggs" statement.  After he refiled in this district (*Sorkin v. The Kroger Co.*) based on another Kroger product, the Court ultimately dismissed the claims with prejudice, explaining "the term 'farm fresh' does not say or suggest anything about whether the eggs came from a hen that is caged or not."  Dkt. 26 (Order) at 11. This Court noted:  "Words don't mean whatever we want them to mean," and Mr. Sheehan "cannot sue based on every fanciful idea that springs to mind after reading the label."  *Id.* at 13.

This Court's dismissal order followed numerous others advising Mr. Sheehan that such attempts to write words into food labels are frivolous.[1]  Mr. Sheehan knew his claims were frivolous for the same reason.  Yet he filed two lawsuits based on these claims and maintained these claims for nearly a year, forcing Kroger to file three motions to dismiss his frivolous claims.  Indeed, a month before the Court issued its order dismissing this action, the Honorable Gregory Presnell of the Middle District of Florida sanctioned Mr. Sheehan for filing a similarly "frivolous" mislabeling claim "in bad faith"; there, as here, Mr. Sheehan contrived a label

---

[1] *E.g.*, *Brownell v. Starbucks Coffee Co.* (*Brownell II*), 2023 WL 9053058, at *9 (N.D.N.Y. Nov. 30, 2023) (finding Mr. Sheehan acted in bad faith where he, *inter alia*, filed mislabeling claims "without any … reasonable interpretation of the wording on the Product label"); *Guzman v. Walmart Inc.*, 2023 WL 4535903, at *1 (N.D. Ill. May 15, 2023) (Seeger, J.) ("The complaint joins a warehouse of complaints filed by Plaintiff's counsel that are not fit for public consumption."); *Lesorgen v. Mondelez Glob., LLC*, 674 F. Supp. 3d 459, 466 (N.D. Ill. 2023) (Johnston, J.) ("The Court … reminds … counsel of his obligations under Federal Rule of Civil Procedure 11.").

interpretation that "ignore[d]" part of the label. *Durant v. Big Lots, Inc.*, 2024 WL 3321879, at *6–7 (M.D. Fla. July 3, 2024); *accord Durant v. Big Lots, Inc.*, 2024 U.S. Dist. LEXIS 173423, at *19 (M.D. Fla. Sept. 25, 2024) ("Sheehan submitted bad faith filings here, made incredulous allegations, and pursued meritless claims"). After reviewing Mr. Sheehan's misconduct nationwide, Judge Presnell advised that in his 60 years as a lawyer, and "20-something years as a district judge," of all the cases of "bad" and "improper lawyering," "this one is about as egregious as I've seen." *Durant*, No. 5:23-cv-561 (M.D. Fla.), Dkt. 45 (Hr'g Tr.) at 16:13–16. Judge Presnell awarded defendant Big Lots, Inc. its reasonable attorney's fees as sanctions (more than $144,000), with reasoning that applies with full force here:

> Without a monetary penalty, this Court's admonishment would simply join the chorus of courts around this nation warning Sheehan to abide by the standards and rules governing this profession. … Absent a financial cost for their intransigence, Plaintiff's counsel—and the plaintiffs they recruit—will continue filing frivolous lawsuits around the nation with impunity.

2024 WL 3321879, at *7. Judge Presnell further noted Mr. Sheehan's "flawed approach to the practice of law" and persistent "self-serving conduct." *Durant*, 2024 U.S. Dist. LEXIS 173423, at *5, *7. Yet, even after the sanctions order, Mr. Sheehan maintained his baseless claim here.

Which brings us to this motion. Mr. Sheehan's misconduct merits sanctions here. As other courts have invoked for similarly frivolous complaints, 28 U.S.C. § 1927 and the Court's inherent authority each authorize sanctions where an attorney (1) recklessly files a frivolous claim (*i.e.*, one with a very low probability of success); and (2) has a history of reprimands for filing frivolous cases and abusing the judicial system. Both apply to Mr. Sheehan.

First, Mr. Sheehan was well aware that mislabeling claims are frivolous where (as here), the plaintiff "attempt[s] to 'impute meaning that is not fairly derived from the labeling itself.'" Order at 10. Mr. Sheehan's litigation history demonstrates not only his bad faith, but also his

pervasive abuse of the judicial process. Multiple courts had dismissed his claims in other cases on this very basis, and warned him that such claims were frivolous and could subject him to sanctions. Mr. Sheehan's recklessness in filing these claims shines through his first attempt to file these claims against Kroger, where he sued based on a product that did not even say "Farm Fresh." Mr. Sheehan's ridiculous interpretation of the term "farm fresh" here as promising the hens were roaming and frolicking in green pastures was frivolous.

Second, Mr. Sheehan's fraud claim was knowingly filed without sufficient legal or factual basis and was frivolous on this added ground. At least 13 district courts had dismissed Mr. Sheehan's Illinois fraud claims for asserting only conclusory allegations of intent when he filed his fraud claim here without any sufficient basis to assert fraudulent intent. Even after another court (the Hon. LaShonda Hunt) warned him that such claims are frivolous and "forcing defendants to seek dismissal is a waste of everyone's time as well as a drain on the limited resources of the Court," *Bruno v. Am. Textile Co.*, 2023 WL 6976826, at *7 (N.D. Ill. Oct. 23, 2023), he still maintained this baseless claim and forced Kroger to move to dismiss before withdrawing it. The Hon. Steven Seeger noted Mr. Sheehan "has become a wrecking ball when it comes to imposing attorneys' fees on other people. And this Court is starting to wonder who should pay for the cleanup. At some point, even lawyers have to internalize the costs of their own behavior." *Guzman*, 2023 WL 4535903, at *4.

Kroger requests the Court grant its motion for sanctions; and after the Court rules on this Motion, permit Kroger to submit a fee application setting forth its request for attorney's fees.

## II.    BACKGROUND

### A.    This Action Was One of Mr. Sheehan's Many Baseless Actions.

Before addressing the Court's dismissal of Plaintiff Adam Sorkin's "farm fresh" claim here, Kroger provides relevant context to exemplify Mr. Sheehan's bad faith.

Mr. Sorkin's counsel, Mr. Sheehan, is "notori[ous]" for filing baseless consumer class actions based on alleged product mislabeling—like this action. *Guzman*, 2023 WL 4535903, at *3. Many judges, including in this district, have rejected his claims, warning that his frivolous mislabeling claims will subject him to sanctions:

- "Mr. Sheehan is aware that he files class action lawsuits primarily pertaining to allegedly false labeling on consumer products … that plainly do not meet … pleading requirements for such claims …. [Yet], Mr. Sheehan continues to file these frivolous actions …." *Brownell v. Starbucks Coffee Co.* (*Brownell I*), 681 F. Supp. 3d 27, 42 (N.D.N.Y. 2023).

- "Mr. Sheehan's practice appears to rely on businesses agreeing to quick settlements without bringing dispositive motions, regardless of how frivolous the underlying claims may be, undoubtedly because the settlement amount is less than what it would cost to fight the claims. … Mr. Sheehan has been warned on repeated occasions regarding his practice of filing lawsuits where the theory of the case was not close to viable, yet he continues to do so, undoubtedly because the cases that do settle are sufficiently lucrative that he is willing to provoke the ire of the judiciary. This practice is unfair to both the companies he sues and the judiciary that is left to sort through the nonsense." *Van Orden v. Hikari Sales U.S.A., Inc.*, 2023 WL 5336813, at *9 (N.D.N.Y. Aug. 18, 2023).

- "[T]his Court doesn't have time to write the full string cite of cases where the theory of the case by [Mr. Sheehan] didn't get off the ground. … Plaintiff's counsel has developed a fair bit of notoriety for filing cases about consumer labeling. Many of the complaints have suffered the judicial equivalent of a crash landing, or perhaps an explosion on the launch pad. They haven't survived for long. Lawyers have an obligation to file cases in good faith. See Fed. R. Civ. P. 11." *Guzman*, 2023 WL 4535903, at *2–3; *accord Lesorgen*, 674 F. Supp. 3d at 466 ("The Court echoes Judge Seeger's sentiment[.]").

- "[The Court] question[s] whether [Mr. Sheehan's] persistent assertion of claims that have been 'consistently and soundly rejected' 'can reasonably be considered as warranted under existing law by an attorney acting in good faith.' … Counsel should take note that if he continues to press such claims and arguments, he will face sanctions. Certainly, counsel should consider this order to be the last warning he will ever receive from this Court on the point." *Swiatek v. CVS Pharmacy, Inc.*, 2024 WL 1328801, at *8 (N.D. Ill. Mar. 28, 2024) (Blakely, J.) (quoting *Bruno*, 2023 WL 6976826, at *7).

Meanwhile, at least three courts have sanctioned Mr. Sheehan for his bad faith conduct:

First, in November 2023, Judge Scullin of the Northern District of New York sanctioned Mr. Sheehan after finding he "filed a frivolous complaint [by making] meritless claims … based on an unreasonable interpretation of a food label." *Brownell II*, 2023 WL 9053058, at *3. The

court found Mr. Sheehan filed the mislabeling case "without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations contained within," including because Mr. Sheehan made up allegations of an "independent laboratory analysis." *Id.* at *9. The Court thus "conclude[d] that Mr. Sheehan acted in bad faith when he commenced this action" and held him "in contempt." *Id.*

Second, in July 2024, Judge Presnell of the Middle District of Florida exercised his inherent authority to sanction Mr. Sheehan after finding he "has undeniably acted in bad faith throughout this case—in addition to perpetrating a fraud on this Court." *Durant*, 2024 WL 3321879, at *10. The court found Mr. Sheehan's claims that a ground coffee label overstated its contents was "patently implausible," particularly after the claims had been dismissed in another district. *Id.* at *5–6. The Court concluded the complaint was filed "in bad faith" and ordered a $144,000 attorney's fee sanction, explaining "[a]bsent a financial cost for their intransigence, Plaintiff's counsel—and the plaintiffs they recruit—will continue filing frivolous lawsuits around the nation with impunity." *Id.* at *7; *Durant*, 2024 U.S. Dist. LEXIS 173423, at *20 (fee award).

Third, in September 2024, Judge Abrams of the Southern District of New York *sua sponte* sanctioned Mr. Sheehan for "his continued pursuit of the claims once he knew [the complaint] contained false allegations," under 28 U.S.C. § 1927. *Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, 2024 WL 4265646, at *3 (S.D.N.Y. Sept. 23, 2024).

## B. Mr. Sheehan Files Frivolous "Farm Fresh" Egg Cases Against Kroger.

Mr. Sheehan has filed his "farm fresh" claims against Kroger in two actions; the first was dismissed on its frivolous factual premise, and the second because of its legally frivolous theory.

On May 23, 2023, Mr. Sheehan filed a putative class action against Kroger in the Central District of Illinois, alleging Kroger "sells fresh eggs described as 'Positive Farm Fresh,' 'Farm Fresh' and 'Grade A,'" and that plaintiff Larry Long purchased such eggs in reliance on those

statements, and "expected" those label statements "meant the eggs were from hens that were not confined in cages." *Long v. The Kroger Co.*, No. 1:23-cv-01179 (C.D. Ill.), Dkt. 1 ¶¶ 1, 69.  But the challenged product did not actually contain any "farm fresh" statements, and Mr. Long's alleged purchase could not have happened.  On October 13, 2023, Kroger moved to dismiss on this basis (among others), and also served a Rule 11 letter on Mr. Sheehan advising his claims were factually frivolous.  *Id.*, Dkt. 10.[2]  Kroger also explained the "Grade A" disclosure is *required* by Illinois law.  *Id.*  The next day, Mr. Sheehan filed this complaint with a new product and a new plaintiff; nine days later, he dismissed *Long*.

As noted, Mr. Sheehan filed this putative class action on October 14, 2023, again suing Kroger based on a "Farm Fresh" statement, but this time for its Roundy's brand eggs sold at Mariano stores and on behalf of Plaintiff Adam Sorkin.  Dkt. 1 ¶ 1.  He alleged that consumers would read "farm fresh" to "mean[] eggs produced by hens living on farms, with open green space, grass and straw," but that the eggs actually came from hens confined in cages.  *Id.* ¶ 55. He brought claims for violation of ICFA, fraud, and unjust enrichment.  *See generally id.*

Before Kroger's response became due, Mr. Sheehan was sanctioned for filing frivolous mislabeling claims "in bad faith" in *Brownell*.  *Supra* Section II.A.

On February 16, 2024, Kroger filed a motion to dismiss.  Dkt. 16.  Mr. Sheehan then filed an amended complaint but failed to cure the deficiencies in the remaining ICFA claim. Dkt. 19.

---

[2] *Long* is one of several of Mr. Sheehan's cases against Kroger involving plaintiffs who either never purchased the disputed product, or purchased a product without the disputed misrepresentation. *E.g.*, *Hunt v. The Kroger Co.*, 2024 WL 4534983, at *2 (N.D. Ill. Oct. 21, 2024) (Kennelly, J.) ("Neither of the named plaintiffs, however, purchased that product."); *Castle v. The Kroger Co.*, No. 21-cv-1171 (E.D. Wis.), Dkt. 25-26 (product not sold in Wisconsin during plaintiff's claimed purchase in Wisconsin); *see also Costan v. Ralphs Grocery Co.*, No. 37-2024-00030766 (Cal. Super. Ct.) (claiming plaintiff purchased product in California, but product not sold in California).

**C.** **The Court Dismisses the "Based On a Legally Unreasonable Interpretation."**

Kroger moved to dismiss again, arguing that Mr. Sorkin's label interpretation was unreasonable and his allegations failed to establish the requisite plausible deception; the ICFA claim was premised on inapplicable statutes; he failed to satisfy Federal Rule of Civil Procedure 9(b); and failed to allege the intent required for his ICFA claim. Dkt. 21-1.

While the motion remained pending, on July 3, 2024, Mr. Sheehan was sanctioned again by the *Durant* court for filing frivolous mislabeling claims in bad faith. *Supra* Section II.A.

On August 6, 2024, the Court granted Kroger's Motion to Dismiss with prejudice and entered judgment. Dkts. 26–27. In its Order, the Court held "the term 'farm fresh' does not say or suggest anything about whether the eggs came from a hen that was caged or not. Sorkin is attempting to 'impute meaning that is not fairly derived from the labeling itself.'" Order at 10 (quoting *Matthews v. Polar Corp.*, 2023 WL 4534543, at *9 (N.D. Ill. Mar. 22, 2023) (Seeger, J.) and *Zahora v. Orgain LLC*, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) (Kendall, J.) (both dismissing Sheehan claims)). The Court also found that "[c]ontext" supports dismissal, as consumers choose from among many types of eggs; "[i]n contrast to 'farm fresh,' terms such as 'cage-free,' 'free-range,' and 'pasture-raised' *do* say something about the living conditions of hens." *Id.* at 11. "Rather, 'Farm Fresh Eggs' means precisely what it says: the eggs are fresh from a farm." *Id.* The Court agreed with Kroger that "several of the sources cited in the amended complaint actually undermine Sorkin's interpretation of the term" and could not "rescue his claims from the zone of implausibility where implausibility is otherwise so clear." *Id.* at 12. For example, his cited sources said "farm fresh means nothing" or specifically "does not address the health or welfare of the animals." *Id.* The Court also rejected the ICFA claim to the extent it relied on the USDA's Egg Products Inspect Act and the FTC Act, as neither applied to the label here. *Id.*

The Court summarized its conclusion: "'Words don't mean whatever we want them to mean,' and 'a plaintiff cannot sue based on every fanciful idea that springs to mind after reading the label.'" *Id.* at 13 (quoting *Matthews*, 2023 WL 4534543, at *9). "Simply put, there is nothing deceptive about "Farm Fresh Eggs.' … Sorkin's claim is based on a legally unreasonable interpretation of the product label. He therefore fails to state a claim under the ICFA." *Id.*

## III.   THE COURT SHOULD GRANT THIS MOTION AND ISSUE SANCTIONS

### A.   The Court's Inherent Power and 28 U.S.C. § 1927 Both Authorize Sanctions.

Courts have discretion, and retain jurisdiction[3], under both 28 U.S.C. § 1927 and their inherent power to assess attorney's fees as sanctions for an attorney's litigation misconduct.[4] *See Kapco Mfg. Co. v. C & O Enters.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (purpose of Section 1927 "is to deter frivolous litigation and abusive practices by attorneys ... and to ensure that those who create unnecessary costs also bear them"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("assessment of attorney's fees is undoubtedly within a court's inherent power").

While each ground differs in scope, they both overlap in that they authorize sanctions where an attorney has (1) recklessly "pursued a claim that is 'without a plausible legal or factual basis and lacking in justification,'" *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720

---

[3] The Court retains jurisdiction to consider a motion for sanctions following dismissal. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (imposition of sanctions "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate," which "may be made after the principal suit has been terminated"); *Vazquez v. Cent. States Joint Bd.*, 2009 WL 562306, at *1 (N.D. Ill. Mar. 3, 2009) (Darrah, J.) (considering motions for sanctions filed four months after decision on motion to dismiss).

[4] Kroger is entitled to seek sanctions under Section 1927 and Court's inherent authority regardless whether Mr. Sheehan's misconduct also violates Rule 11. *See Chambers*, 501 U.S. at 50 ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under [a] statute or the Rules [of Federal Procedure]."). The Supreme Court "was quite clear that 'the inherent power of a court can be invoked even if procedural rules [like Rule 11] exist which sanction the same conduct." *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004) (quoting *Chambers*, 501 U.S. at 49).

(7th Cir. 2006) (discussing sanctions under Section 1927);[5] *Xped LLC v. Entities Listed on Ex. 1*, 690 F. Supp. 3d 831, 853 (N.D. Ill. 2023) (Jenkins, J.) (sanctions warranted under inherent authority for "recklessly making a frivolous claim," which courts treat the same as under Section 1927); or (2) "engaged in serious and studied disregard for the ordered process of justice," *Jolly Grp.*, 435 F.3d at 720 (Section 1927, quotation omitted); *Chambers*, 501 U.S. 44–45 (inherent powers authorize courts to issue sanctions for "conduct which abuses the judicial process").

The first ground alone—recklessly filing a frivolous claim—is sufficient for an attorney's fees sanction under either Section 1927 or the Court's inherent authority. *See, e.g.*, *Riddle v. Assocs., P.C. v. Kelly*, 414 F.3d 832, 837 (7th Cir. 2005) (reversing denial of sanctions under Section 1927, as claim "was without merit"); *Egan v. Pineda*, 808 F.3d 1180, 1180–81 (7th Cir. 2015) (affirming sanctions under inherent powers for asserting a recklessly frivolous allegation). "A claim is frivolous if the probability of success is very low." *Janky v. Batistatos*, 259 F.R.D. 373, 379 (N.D. Ind. 2009) (citing *Maxell v. KPMG LLP*, 520 F.3d 713, 719 (7th Cir. 2008)). Courts find additional support for such award where the attorney has an "extensive history of similar litigation misconduct, for which [he] has been warned and sanctioned *ad nauseum*," as it not only demonstrates recklessness, but also "evinces that [he] has a 'serious and studied disregard for the orderly process of justice'" and thus "supports" sanctions. *Outley v. Feinerman*, 2023 WL 4157185, at *9 (N.D. Ill. June 22, 2023) (Durkin, J.) (quoting *Jolly Grp.*, 435 F.3d at 720) (imposing Section 1927 sanctions); *Twyman v. S&M Auto Brokers*, 2018 WL 1519159, at *6–7 (N.D. Ill. Mar. 28, 2018) (Kendall, J.) (exercising inherent power to issue

---

[5] Section 1927 also authorizes sanctions where an attorney "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Id.* at 720. Courts sometimes use this standard to evaluate whether sanctions are warranted for bringing frivolous claims. *E.g.*, *New v. JP Morgan Chase Bank, NA*, 2024 WL 1663371, at *3 (N.D. Ind. Apr 16, 2024) (ordering sanctions where "a reasonably careful attorney would have found the [complaint] unsound").

sanctions as repeated frivolous filings "undermine the integrity of the judicial system and such behavior cannot go undeterred"), *aff'd*, 748 F. App'x 705 (7th Cir. 2019).

> **B.     Either Ground Independently Warrants Sanctions.**

The Court should assess attorney's fees as sanctions against Mr. Sheehan:  Mr. Sheehan (1) filed frivolous mislabeling claims after being warned by several courts that doing so would lead to sanctions and being sanctioned; and (2) filed and maintained a frivolous fraud claim after courts warned him the claim was baseless and would subject him to sanctions.

> **1.     Mr. Sheehan Knowingly Filed Claims Based on Frivolous Theories.**

*First*, Mr. Sheehan is subject to sanctions because his mislabeling theory here—that based on the "Farm Fresh Eggs" label statement, consumers believed the eggs came from hens "living on farms, with open green space…pecking and playing in the fields" and from a cage-free home—is legally frivolous.  As detailed below, (a) Mr. Sheehan's history of receiving court warnings and sanctions for asserting similarly frivolous mislabeling claims unsupported by the product label demonstrates his bad faith in filing this action, (b) which is based on yet another frivolous interpretation of a product label.

> **a.     Bad-Faith Background:  Mr. Sheehan's History of Knowingly Filing Frivolous Claims Demonstrates His Recklessness Here.**

Mr. Sheehan's history of alleging frivolous label interpretations and prior orders of bad faith are relevant to the court's analysis as they demonstrate Mr. Sheehan's bad faith, or recklessness, here.  *See Outley*, 2023 WL 4157185, at *9 (this "extensive history of similar litigation misconduct" demonstrates an abuse of the judicial system and "supports" sanctions).

Mr. Sheehan has gained "notoriety" for asserting frivolous and unreasonable interpretations of food labels in hundreds of cases across the country over the past few years. *See Guzman*, 2023 WL 4535903, at *3.  As one district court explained, "courts around the

country have been inundated with a seemingly endless supply of trivial (bordering on frivolous) lawsuits [filed by Mr. Sheehan], asking the courts to read the labels of consumer goods in manners that strain credulity or to simply ignore other relevant language provided on the labels." *Van Orden*, 2023 WL 5336813, at *10.[6]  As a result, Mr. Sheehan has faced a "chorus of courts around this nation warning Sheehan to abide by the standards and rules governing this profession." *Durant*, 2024 WL 33231879, at *7; *supra* Section II.A. (excerpts of district courts admonishing Mr. Sheehan).  Mr. Sheehan has thus long been "aware that he files class action [mislabeling] lawsuits … that plainly do not meet the pleading requirements for such claims on their faces. Nonetheless, Mr. Sheehan continues to file these frivolous actions[.]"  *Brownell I*, 681 F. Supp. 3d at 42 (dismissing complaint and issuing an OSC "why this Court should not sanction him for continually filing frivolous lawsuits in this District").

Mr. Sheehan filed his claims here after these admonitions in October 2023, based on yet another frivolous label interpretation—his "farm fresh" theory (as detailed *infra* Section III.B.2)—well aware that bringing such claims would subject him to sanctions.  At that time, he had another case pending (*Long v. Kroger*) asserting the same frivolous claims against Kroger in another district, where he challenged a Kroger product that did not even contain the "farm fresh" statement.  *Supra* Section II.B.  He dismissed that case a few days after filing here.  *Id.*

When he filed this action, Mr. Sheehan knew his claims were unreasonable and frivolous under Illinois law, as several courts had already advised him when dismissing his other Illinois mislabeling claims that his interpretation of the label cannot "impose content that isn't there and

---

[6] Illinois federal courts have been one such target for Mr. Sheehan's influx of suits, and have **dismissed forty-one his cases over the past two years alone**.  *See* Appendix A (listing cases).  The Court can and should act to deter such abuse of the judicial system in its district.  *Brownell I*, 681 F. Supp. 3d at 42 (considering number of suits in district in considering sanctions against Mr. Sheehan).

impute meaning that is not fairly derived from the labeling itself." *Matthews*, 2023 WL 4534543, at *9 (dismissing Mr. Sheehan's mislabeling claims); *accord Zahora*, 2021 WL 5140504, at *4 (same; "A reasonable consumer would not read into the label what is simply not there."); *Hydorovych v. Dollar Gen. Corp.*, 2023 WL 3602782, at *3 (N.D. Ill. May 23, 2023) (same; "[P]laintiff conjures language that simply does not appear on the product's label. This is not a reasonable reading of [the label].").[7]

Further, Mr. Sheehan maintained this frivolous action even after he was actually sanctioned—in November 2023 and July 2024—for filing frivolous mislabeling claims. *Brownell II*, 2023 WL 9053058, at *6–9; *Durant*, 2024 WL 3321879, at *5–7.

Mr. Sheehan's refusal to heed court warnings in filing this lawsuit, or to remedy his conduct after multiple sanctions orders, establishes his bad faith in filing and maintaining his frivolous claims here, as well as his widespread abuse of the judicial process. *See Outley*, 2023 WL 4157185, at *8–9 (attorney's "modus operandi" and "disciplinary history" supports Section 1927 sanctions); *Cohee v. Hoos*, 2023 WL 7440174, at *6 (C.D. Ill. Nov. 9, 2023) (issuing sanctions for repeated lawsuits: the "cavalcade of frivolous suits must stop") (citation omitted).

      **b.**      **This Case: Mr. Sheehan's "Farm Fresh" Theory Is Frivolous.**

Mr. Sheehan's "farm fresh" claims here—like his failed claims in hundreds of his other mislabeling cases, and for which he has been sanctioned—are frivolous, as they are premised on

---

[7] *Akers v. Costco Wholesale Corp.*, 631 F. Supp. 3d 625, 632 (S.D. Ill. 2022) (same); *Gardner v. Ferrara Candy Co.*, 2023 WL 4535906, at *4 (N.D. Ill. Mar. 22, 2023) (Seeger, J.) (same, where claims "read[] far too much into the packaging"); *Troutt v. Mondelez Glob. LLC*, 637 F. Supp. 3d 606, 614 (S.D. Ill. 2022) (same, plaintiff "jumped to the conclusion that the cookies contained butter without any supporting foundation," as the label "does not contain the word butter"); *Craw v. Clorox Co.*, 692 F. Supp. 3d 854, 860 (C.D. Ill. 2023) (same, "Plaintiff's inferential leap is a large one. She feels misled by a claim the product does not actually make."); *Wienhoff v. Conagra Brands, Inc.*, 626 F. Supp. 3d 1015, 1025 (S.D. Ill. 2022) (same, based on interpretation that "jumps to [a] conclusion" without support on the label); *see also Swiatek*, 2024 WL 1328801, at *4 (same, allegations are "untethered to the packaging").

a baseless label interpretation that attempts to write non-existent statements into the label.

"A claim is frivolous if the probability of success is very low." *Janky*, 259 F.R.D. at 379. As noted *supra*, a plaintiff cannot allege the requisite consumer deception to state his Illinois mislabeling claims label by "impos[ing] content that isn't there and imput[ing] meaning that is not fairly derived from the labeling itself." *Matthews*, 2023 WL 4534543, at *9; *supra* pp. 11–12 & n.7 (listing cases). The Seventh Circuit has acknowledged that Illinois law does not permit plaintiffs to so "conflate[] a label's words." *Akers*, 631 F. Supp. 3d at 632 (citing *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 477–78 (7th Cir. 2020)).

Contrary to this authority, however, Mr. Sheehan's claims here improperly "attempt[ed] to impute meaning that is not fairly derived from the labeling itself." Order at 10. Mr. Sheehan alleged that based solely on the egg label statement "Farm Fresh Eggs," reasonable consumers would believe the eggs came from hens who lived a "natural life," "pecking and playing in the fields," "with access to open green space to run around and engage in natural hen behaviors," and in a cage-free home. Dkt. 19 ¶¶ 32, 86, 61; Dkt. 1 ¶¶ 6, 55. As the Court explained in dismissing here, "the term 'farm fresh' does not say or suggest anything about whether the eggs came from a hen that was caged or not." Order at 10. The interpretation "is not fairly derived from the labeling," and this "claim is based on a legally unreasonable interpretation of the product label." *Id.* The Court further advised, "[w]ords don't mean whatever we want them to mean," and "a plaintiff cannot sue based on every fanciful idea that springs to mind after reading the label," *id.* at 13 (quoting *Matthews*, 2023 WL 4534543, at *9)—but that is precisely what Mr. Sheehan has done here.

One district court has already held Mr. Sheehan's attempt to unreasonably stretch a label statement renders it frivolous. In *Brownell*, Mr. Sheehan attempted to stretch "100% Arabica

Coffee" to mean the package contained only coffee and not added potassium; despite the plain language meaning only that it contains coffee exclusively from Arabica beans. *Brownell II*, 2023 WL 9053058, at *6–9. Here, Mr. Sheehan attempted to stretch "Farm Fresh Eggs" to mean something unsupported by those words, which said nothing about the specific living conditions of the egg-laying hens (especially because consumers know the terms "cage-free," "pasture-raised," etc., are what actually delineates such eggs). Order at 10. The claims here are likewise frivolous and warrant sanctions. *See Riddle*, 414 F.3d at 837 (sanctions were warranted where "a reasonably careful attorney should have known that the counterclaim … was without merit"); *New*, 2024 WL 1663371, at *3 (ordering fees sanctions where "a reasonably careful attorney would have found the [complaint] unsound"). Mr. Sheehan has no basis to claim otherwise, including because the Court already rejected the supporting sources Mr. Sheehan cited in his complaint—many of which "actually undermine" his claim. Order at 12.[8]

### 2. Mr. Sheehan Knew His Fraud Claim Was Legally and Factually Frivolous on Additional Grounds.

*Second*, Mr. Sheehan also knowingly filed an Illinois fraud claim without sufficient factual or legal basis. Dkt. 1 ¶¶ 74–76. When he filed his fraud claim here, Mr. Sheehan had already been warned by over a dozen courts that he could not bring a fraud claim without alleging facts to support a defendant's fraudulent intent; as those courts explained in dismissing his prior fraud claims, conclusory allegations would not suffice. *E.g.*, *Akers*, 631 F. Supp. 3d at 637 ("the conclusory allegation … that Costco's 'fraudulent intent is evinced by knowledge that

---

[8] Mr. Sheehan also premised his ICFA claim on facially inapplicable statutes. *Id.* ("Sorkin's claims that Kroger violated the Egg Products Inspection Act … hold no water … . Similarly, Sorkin's allegation that the product violates the FTC Act is unavailing."); *see also Tate v. Ancell*, 551 F. App'x 877, 897–99 (7th Cir. 2014) (imposing sanctions under Section 1927 where attorney brought claims under inapplicable statutes).

the Product was not consistent with its representations,' fails to" sufficiently allege scienter).[9]
And just a few weeks after Mr. Sheehan filed his complaint here, Judge Hunt cautioned
Mr. Sheehan that continuing to assert these claims would subject him to sanctions:

> [T]he Court harbors serious doubts about whether these claims that
> counsel repeatedly files over and over again in this district, even
> though they have been consistently and soundly rejected, without
> making any effort to amend the allegations to comport with prior
> court rulings, can reasonably be considered as warranted under
> existing law by an attorney acting in good faith. … [F]orcing
> defendants to seek dismissal is a waste of everyone's time as well
> as a drain on the limited resources of the Court …. Counsel is
> admonished to remember his ethical obligations under Rule 11 and
> to proceed appropriately … with future filings in this district.

*Bruno*, 2023 WL 6976826, at *7.

Yet as in his other cases, Mr. Sheehan here supported his fraud claim with only a

conclusory allegation that Kroger had fraudulent intent because it "knew 'farm fresh' would

mislead its customers," and without any factual support. Dkt. 1 ¶ 76. He knew this was

frivolous when he filed the claim, and after Judge Hunt's warning two weeks later, he

undisputedly knew maintaining the claim would subject him to sanctions. Still, he continued on

for four more months, despite Section 1927 "impos[ing] a continuing duty upon attorneys to

dismiss claims that are no longer viable." *Jolly Grp.*, 435 F.3d at 720 (quotation omitted).

Kroger requests the Court assess attorney's fees as sanctions against Mr. Sheehan.

---

[9] Similar dismissals include: *Rudy v. D.F. Stauffer Biscuit Co.*, 666 F. Supp. 3d 706, 723–24
(N.D. Ill. 2023) (Wood, J.); *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *8 (N.D. Ill. 2022)
(Aspen, J.); *Rudy v. Fam. Dollar Stores, Inc.*, 583 F. Supp. 3d 1149, 1165–66 (N.D. Ill. 2022) (Aspen, J.);
*Lederman v. Hershey Co.*, 2022 WL 3573034, at *6 (N.D. Ill. Aug. 19, 2022) (Dow, J.); *Cristia v. Trader
Joe's Co.*, 2022 WL 17551552, at *7 (N.D. Ill. Dec. 9, 2022) (Gettleman, J.); *Kinman v. Kroger Co.*, 604
F. Supp. 3d 720, 731 (N.D. Ill. 2022) (Alonso, J.); *Troutt*, 637 F. Supp. 3d at 616; *Sanders v. Hillshire
Brands Co.*, 2022 WL 2643974, at *4 (S.D. Ill. July 8, 2022); *Weinhoff*, 626 F. Supp. 3d at 1029–30;
*Huston v. Conagra Brands, Inc.*, 2022 WL 4647251, at *8 & n.14 (C.D. Ill. Sept. 30, 2022); *Cox v. Star
Brands N. Am., Inc.*, 2022 WL 16786019, at *6 (S.D. Ill. Nov. 8, 2022).

DATED:  November 8, 2024

Respectfully submitted,

By: */s/ Jacob M. Harper*

DAVIS WRIGHT TREMAINE LLP

Jacob M. Harper *(pro hac vice)*
Heather Canner *(pro hac vice)*
865 S. Figueroa Street, Suite 2400
Los Angeles, CA  90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
jacobharper@dwt.com
heathercanner@dwt.com

Attorneys for Defendant The Kroger Co.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2024, the foregoing was filed electronically.  Notice of the filing will be sent to all parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By: <u>*/s/  Jacob M. Harper*        </u>

Attorney for Defendant

## APPENDIX A

The following are all Spencer Sheehan cases fully dismissed on the pleadings.

1.  *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101 (S.D. Ill. 2022)

2.  *DeMaso v. Walmart Inc.*, 655 F. Supp. 3d 696 (N.D. Ill. 2023) (Rowland, J.)

3.  *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022) (Aspen, J.)

4.  *Zurliene v. Dreyer's Grand Ice Cream, Inc.*, 591 F. Supp. 3d 362 (S.D. Ill. 2022)

5.  *Cerretti v. Whole Foods Mkt. Grp., Inc.*, 2022 WL 1062793 (N.D. Ill. Apr. 8, 2022) (Shah, J.)

6.  *Hodorovych v. Dollar Gen. Corp.*, 2023 WL 3602782 (N.D. Ill. May 23, 2023) (Coleman, J.)

7.  *Harris v. Kellogg Sales Co.*, 2022 WL 1641439 (S.D. Ill. May 24, 2022)

8.  *Reinitz v. Kellogg Sales Co.*, 2022 WL 1813891 (C.D. Ill. June 2, 2022)

9.  *Hauger v. Dollar Gen. Corp.*, 2022 WL 2532487 (C.D. Ill. July 7, 2022)

10. *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753 (N.D. Ill. 2022) (Norgle, J.)

11. *Jackson v. Kraft Heinz Foods Co.*, 2022 WL 4591749 (N.D. Ill. Aug. 3, 2022) (Norgle, J.) (dismissing with prejudice)

12. *Lederman v. Hershey Co.*, 2022 WL 3573034 (N.D. Ill. Aug. 19, 2022) (Dow, J.)

13. *Rice v. Dreyer's Grand Ice Cream, Inc.*, 624 F. Supp. 3d 922 (N.D. Ill. 2022) (Feinerman, J.)

14. *Burns v. Gen. Mills Sales, Inc.*, 2022 WL 3908783 (S.D. Ill. Aug. 30, 2022)

15. *Wienhoff v. Conagra Brands, Inc.*, 626 F. Supp. 3d 1015 (S.D. Ill. 2022)

16. *Akers v. Costco Wholesale Corp.*, 631 F. Supp. 3d 625 (S.D. Ill. 2022)

17. *Bartosiake v. Bimbo Bakeries USA, Inc.*, 632 F. Supp. 3d 789 (N.D. Ill. 2022) (Rowland, J.)

18. *Huston v. Conagra Brands, Inc.*, 2022 WL 4647251 (C.D. Ill. Sep. 30, 2022)

19. *Troutt v. Mondelez Glob. LLC*, 637 F. Supp. 3d 606 (S.D. Ill. 2022)

20. *Ledezma v. Upfield US Inc.*, 2022 WL 16553039 (N.D. Ill. Oct. 31, 2022) (Feinerman, J.)

21. *Cox v. Star Brands N. Am., Inc.*, 2022 WL 16786019 (S.D. Ill. Nov. 8, 2022)

22. *Cristia v. Trader Joe's Co.*, 2022 WL 17551552 (N.D. Ill. Dec. 9, 2022) (Gettleman, J.)

23. *Gouwens v. Target Corp.*, 2022 WL 18027524 (N.D. Ill. Dec. 30, 2022) (Johnston, J.)

24. *Hamidani v. Bimbo Bakehouse LLC*, 2023 WL 167513 (N.D. Ill. Jan. 12, 2023) (Coleman, J.)

25. *Sneed v. Ferrero U.S.A., Inc.*, 656 F. Supp. 3d 777 (N.D. Ill. 2023) (Shah, J.)

26. *Smith v. Gen. Mills Sales, Inc.*, 2023 WL 2349908 (N.D. Ill. Mar. 3, 2023) (Shah, J.)

27. *Biczo v. Ferrara Candy Co.*, 2023 WL 2572384 (N.D. Ill. Mar. 20, 2023) (Coleman, J.)

28. *Rudy v. D.F. Stauffer Biscuit Co.*, 666 F. Supp. 3d 706 (N.D. Ill. 2023) ( Wood, J.)

29. *Novotney v. Walgreen Co.*, 683 F. Supp. 3d 785 (N.D. Ill. 2023) (Alonso, J.)

30. *Taylor v. P&G Co.*, 2023 WL 5289451 (S.D. Ill. Aug. 17, 2023)

31. *Wright v. Walmart, Inc.*, 688 F. Supp. 3d 794 (S.D. Ill. 2023)

32. *Craw v. Clorox Co.*, 692 F. Supp. 3d 854 (C.D. Ill. 2023)

33. *Garza v. Nestle USA, Inc.*, 693 F. Supp. 3d 903 (N.D. Ill. 2023) (Jenkins, J.)

34. *Barnett v. Schwan's Consumer Brands, Inc.*, 2023 WL 6216955 (S.D. Ill. Sep. 25, 2023)

35. *Wilim v. Mondelez Glob. LLC*, 2023 WL 6471999 (N.D. Ill. Sep. 27, 2023) (Maldonado, J.)

36. *Kampmann v. P&G Co.*, 699 F. Supp. 3d 678 (C.D. Ill. 2023)

37. *Nootens v. Molson Coors Bev. Co.*, 2024 WL 1283707 (N.D. Ill. Mar. 26, 2024) (Coleman, J.)

38. *Swiatek v. CVS Pharmacy, Inc.*, 2024 WL 1328801 (N.D. Ill. Mar. 28, 2024) (Blakey, J.)

39. *Harmon v. Lenovo (U.S.) Inc.*, 2024 WL 1741264 (S.D. Ill. Apr. 23, 2024)

40. *Callahan v. P&G*, 2024 WL 2892838 (N.D. Ill. June 10, 2024) (Daniel, J.)

41. *Redmond v. Upfield US Inc.*, 2024 U.S. Dist. LEXIS 177241 (N.D. Ill. Sep. 30, 2024) (Chang, J.)