UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM SORKIN, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE KROGER CO., )<br>)<br>Defendant. ) | 23 C 14916 |

# ORDER

Defendant The Kroger Co.'s Motion for Sanctions [28] is denied. See Statement.

# STATEMENT

As set forth in great detail in Kroger's motion, attorney Spencer Sheehan continues to provoke the ire of the judiciary around the country with his barrage of class action complaints over product labeling, an overwhelming number of which have been dismissed on the pleadings. *See* Dkt. # 28, at 24–25. He has been subject to monetary sanctions on more than one occasion, while a "chorus of courts around this nation [have] warn[ed] [him] to abide by the standards and rules governing [the legal] profession." *Durant v. Big Lots, Inc.*, 2024 WL 3321879, at *7 (M.D. Fla. July 3, 2024).[1]

---

[1] To name a few: *Dakus v. KLM*, 2024 WL 4265646, at *1 (S.D.N.Y. Sep. 23, 2024); *Swiatek v. CVS Pharmacy, Inc.*, 2024 WL 1328801, at *8 (N.D. Ill. Mar. 28, 2024) ("Counsel should take note that if he continues to press such claims and arguments, he will face sanctions. Certainly, counsel should consider this order to be the last warning he will ever receive from this Court on the point."); *Van Orden v. Hikari Sales U.S.A., Inc.*, 2023 WL 5336813, at *9 (N.D.N.Y. Aug. 18, 2023) ("Mr. Sheehan has been warned on repeated occasions regarding his practice of filing

On August 6, 2024, this Court dismissed yet another one of Sheehan's putative class actions, this one involving a claim of consumer fraud stemming from use of the term "Farm Fresh" on egg cartons. The amended complaint alleged that such a label deceptively conveys to consumers that the eggs came from a farm where the "hens [were] living a natural life . . ., pecking and playing in the fields," "with access to open green space to run around and engage in natural hen behaviors like pecking and dusting themselves on the ground," and were "not confined in cages." Dkt. # 19, ¶¶ 32, 86, 61. This Court disagreed, and concluded:

> [T]he complaint fails to support a reasonable inference that a majority of reasonable consumers would be misled to believe that a statement not referencing the living conditions of the hens implicitly guarantees that the hens that produced the eggs were living on some sort of idyllic farm with a red barn, an abundance of hay, and hens frolicking in elysian green pastures.

Dkt. # 26, at 10. "Simply put," this Court said, "there is nothing deceptive about 'Farm Fresh Eggs.' It is about origin and timing, nothing more. Sorkin's claim is based on a legally unreasonable interpretation of the product label." *Id*. at 13.

---

lawsuits where the theory of the case was not close to viable, yet he continues to do so, undoubtedly because the cases that do settle are sufficiently lucrative that he is willing to provoke the ire of the judiciary."); *Tlaib v. Chattem, Inc.*, 2024 WL 278993, at *3 (N.D. Ill. Jan. 25, 2024) ("The court understands defendant's frustration and annoyance with having to defend this type of case, and cautions Sheehan that this court, and likely others, may rule more favorably for defendants should Sheehan continue to file meritless false labelling cases."); *Guzman v. Walmart, Inc.*, 2023 WL 4535903 (N.D. Ill. May 15, 2023); *Reyes v. Upfield US Inc.*, 694 F. Supp. 3d 408, 429 n.3, 430 n.4 (S.D.N.Y. 2023); *Brownell v. Starbucks Coffee Co.*, 681 F. Supp. 3d 27, 42 (N.D.N.Y. 2023); *Lesorgen v. Mondelēz Glob., LLC*, 674 F. Supp. 3d 459, 466 (N.D. Ill. 2023); *Turk v. Rubbermaid Inc.*, 2022 WL 836894, at *6 n.1 (S.D.N.Y. Mar. 21, 2022); *Gordon v. Target Corp.*, 2022 WL 836773, at *9 n.3 (S.D.N.Y. Mar. 18, 2022).

Kroger now moves for sanctions under 28 U.S.C. § 1927 and this Court's inherent authority. "[Section 1927] allows a court to penalize a lawyer who 'multiplies the proceedings in any case unreasonably and vexatiously' . . . liability under [Section] 1927 is personal to the lawyer." *Cooke v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 1024, 1029 (7th Cir. 2019). The purpose of Section 1927 "is to deter frivolous litigation and abusive practices by attorneys . . . and to ensure that those who create unnecessary costs also bear them." *Kapco v. C & O Enters.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (cleaned up).

In addition, "[i]t has long been understood that federal judges have a common-law power (sometimes called an inherent power) to impose sanctions on parties that needlessly run up the costs of litigation." *Cooke*, 919 F.3d at 1027 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). This authority applies also to sanctions against attorneys. *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752 (7th Cir. 1988).

Sanctions may be used both to reprimand and "deter future parties from trampling upon the integrity of the court." *Twyman v. S&M Auto Brokers, Inc.*, 748 F. App'x 705, 707 (7th Cir. 2019) (cleaned up); s*ee also Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (courts "may impose appropriate sanctions to penalize and discourage misconduct."). Before imposing sanctions, a court must find that "the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez*, 845 F.3d at 776.

3

Although this Court shares its colleagues' concerns regarding Mr. Sheehan's litigation history, it declines acquiesce to Kroger's request for sanctions here—tempting though it may be. In the Court's view, Mr. Sheehan's claims in this case, while dubious and unsuccessful as a matter of law, cannot be characterized as completely baseless such that they rise to the level of sanctionable. Accordingly, Kroger's motion for sanctions [28] is denied.

It is so ordered.

Charles P. Kocoras
United States District Judge

Date: January 31, 2025